THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL A. DELGADO TERRÓN, Defendant and Appellant.

No. CR-70-153.     Decided October 15, 1971.

*Pedro Pérez Rodríguez* for appellant. *Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was convicted of driving a motor vehicle while under the influence of intoxicating liquor, in violation of the Vehicle and Traffic Law, Act No. 141 of July 20, 1960, 9 L.P.R.A. § 1041.

On appeal he assigns three errors. The first is to the effect that the trial court erred in failing to dismiss the information because the trial was not held within the 120 days after the filing of the information. Rule 64 (n) (4) of the Rules of Criminal Procedure. Section 11, Art. II of the Constitution of the Commonwealth of Puerto Rico.

Since seven months and eighteen days elapsed between the date when the information was filed and the date when the trial was held, said first assignment would deserve careful consideration were it not for the circumstances which we set forth hereinafter.

The information was filed on April 22, 1969, and the trial was set for July 11 of that same year, date included within the 120 days after the filing of the information. At the request of the defense the trial was postponed and it was set for the second time for September 19, 1969. This second setting was postponed at the request of the prosecuting attorney, because the chemist who analyzed the defendant's blood smear was absent. On that occasion the court was informed by the Marshal that said technician was on official duties in the Ponce Court. This case was being heard in Arecibo. The trial was set for the third time for October 29, 1969, and it was also postponed at the request of the prosecuting attorney be-

cause of the sickness of policeman José Álvarez, who arrested defendant and who was an important witness for the prosecution.

Faced with that situation the judge stated that the trial had been already postponed twice; once at the request of the defendant and another, at the request of the prosecuting attorney and he asked for when could it be set. The defense answered that "The problem is the chemist." The judge stated that in view of what the prosecuting attorney had informed—the absence due to sickness of policeman Álvarez—he was bound to continue the hearing and he talked with the chemist to see when she could come to the trial. The chemist said that she was available on November 19 and the defense said that it was also free that day. At that moment the clerk of the court informed that that was a holiday because it was the day of the Discovery of Puerto Rico. The counsel for the defense said *"In December, any time."* (Italics ours.) The chemist asked whether December 10 would be all right. The judge accepted the date and the defense stated *"I accept any date set by the Court."* (Italics ours.) The judge said he had chosen that date and the defense said *"I agree with the date."* (Italics ours.) The judge set the hearing for said December 10, 1969.

■ In view of that clear and definite waiver of appellant of his right to raise the ground, to request the dismissal, of not having been brought to trial within the 120 days after the filing of the complaint, we cannot agree with him that the first error assigned was committed.

In the second assignment of error appellant contends that the court erred in admitting in evidence the blood report because the physician who testified at the trial was not the person who took defendant's blood but it was a nurse whose name the physician did not remember. Appellant does not elaborate this error nor does he set forth anything else in regard to the same.

■ It is true that the physician did not remember the name of the nurse but it is also true that he testified that he was absolutely certain that she was a registered nurse who was in service. The law does not require that it be the physician in person the one who takes those blood smears. The Vehicle and Traffic Law itself authorizes registered nurses to take blood smears for determining its alcoholic contents. 9 L.P.R.A. § 1043(g). In this case the physician was present when the blood was taken from appellant and he supervised that operation. The physician himself was the one who packed the blood in three vials. He gave one to appellant and sent the other two to the Department of Health. The physician was the one who also filled in and signed the reporting blanks. About the name of the nurse, although the physician did not remember it, he said it could be obtained from that night's record.

■ The physician could testify about the act of the taking of the blood sample which he witnessed and which he supervised since, as it is known, a witness can testify about facts which he knows of his own knowledge, 32 L.P.R.A. § 1662, and the direct evidence of a witness who is entitled to full credit is sufficient for proof of any fact, except in cases of perjury and treason, 32 L.P.R.A. § 1661. The second error assigned was not committed.

The third error challenges the weighing of the evidence made by the trial court. It contends that the defendant behaved in a correct manner and that he did not utter obscene words; that the policeman contradicted himself and that they gave appellant his automobile one hour later and that he was allowed to take it away.

■ The physician testified that he noted that appellant had taken some intoxicating liquor. Appellant testified that he had "taken some beers." While driving his automobile it was noticed that appellant swerved between lanes; he crossed a red light; he did not answer to the signal of the police siren; he

testified that he did not hear the siren; after he was detained he refused to alight from the vehicle; the policeman took him out of the same. The policeman testified also that appellant spoke in an incoherent manner, that his eyes were reddish, that he smelled of liquor and that he had to hold himself when he walked.

The foregoing set of facts is completed by the fact that the blood analysis showed that it had 16 hundredths of one percent, by weight of alcohol. The law provides that when there is five hundredths of one percent, or less, it shall be presumed that the defendant was not under the influence of intoxicating liquor. When there is more than 5 hundredths of one percent, but less than 15 hundredths, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered jointly with other evidence in determining the guilt or innocence of the defendant. But when the blood analysis shows that there was 15 hundredths of one percent or more, by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor. 9 L.P.R.A. § 1041. As we said, defendant's blood test showed a result of 16 hundredths of one percent.

■ In regard to the other arguments, we have already decided that to behave in a correct manner and not to utter obscene words does not prove by itself that the person is not drunk. Different persons react in a different manner to alcohol. See *People* v. *Díaz Torres*, 89 P.R.R. 704, 713 (1963) and *People* v. *Candelario Martínez*, 96 P.R.R. 568, 570 (1968). In the absence of clinical evidence—in the case at bar there is such evidence—the different attendant circumstances shall be taken into consideration in order to decide whether or not a person is drunk. The fact that they gave the car to defendant one hour after having been detained is a fact from which it can be presumed that by that time he was more or less normal,

or that somebody thought so. The truth is that one hour before his blood contained 16 hundredths of one percent, by weight of alcohol.

The evidence is sufficient and there is no reason for us to disturb the weighing of the same made by the trial court. The third error assigned was not committed either.

The judgment rendered in this case by the Superior Court, Arecibo Part, on December 10, 1969, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.